434 So.2d 1216 (1983)
James ELLENBURG
v.
COMMERCIAL UNION INSURANCE COMPANY, et al.
No. 82 CA 0968.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
John R. Rarick, St. Francisville, for plaintiff-appellee James Ellenburg.
Ralph E. Tyson, Baton Rouge, for intervenor-appellant Julia Gibson, Individually and as Tutrix for the Minor Child, Shawn Jackson.
William N. Faller, William Joseph Cleveland, Baton Rouge, for defendant-appellee Commercial Union Ins. Co.
Walter C. Dumas, Baton Rouge, for defendant-appellee Veraniece Williams.
G. Thomas Arbour, Baton Rouge, for defendants-appellees Merit Ins. Co.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge:
This is an appeal from a trial court judgment sustaining peremptory exceptions of prescription filed by defendants-in-intervention and dismissing intervenor's suit.
On January 30, 1981, an automobile accident occurred between two vehicles, one driven by James Ellenburg and one driven by Veraniece Williams. On May 19, 1981, James Ellenburg filed suit against Veraniece Williams and Commercial Union Insurance Company (Williams's insurer) for damages received in the accident. Veraniece Williams filed a reconventional demand against Ellenburg and Merit Insurance Company (Ellenburg's insurer) on June 23, 1981, and Commercial Union filed reconventional demands against Ellenburg and Merit Insurance Company on January 15, 1982. On May 5, 1982, Julia Gibson filed a petition for intervention in the suit individually and as tutrix of a minor child, Shawn Jackson, who was a guest passenger in the Ellenburg vehicle and who suffered injuries in the accident. The petition for intervention named as defendants James Ellenburg, Merit Insurance Company, Veraniece Williams, and Commercial Union Insurance Company. All defendants filed peremptory exceptions of prescription which were maintained by the trial court.[1]
*1217 Intervenor has appealed alleging that the trial court erred in failing to rule that the one year prescriptive period had been interrupted by the timely filing of suit by James Ellenburg. The trial court relied primarily on the case of Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La. 1979) for the proposition that when a subsequent claimant (an intervenor) is a person different from the original plaintiff, then to interrupt prescription, the first suit must not only be based upon the same factual occurrence as the subsequent claim, but also the subsequent claimant must be closely connected in relationship and identity of interest with the original plaintiff. The trial court found that the intervenor's claims were separate and distinct causes of action from the plaintiff's original cause of action and were not sufficiently connected in relationship and identity of interest for the original demand of James Ellenburg to have interrupted prescription on the intervenor's claim. We agree.
Intervenor argues that either the original demand made by Ellenburg or the reconventional demands filed by Veraniece Williams and Commercial were sufficient to interrupt prescription under LSA-R.S. 9:5801[2] and LSA-C.C. art. 3536.[3] Intervenor contends that the trial court should have considered the common facts and circumstances surrounding the accident rather than the individual demands asserted in the original petition and in the reconventional demand to determine whether the intervenor had a close relationship and an identity of interest with the original plaintiff or the plaintiff-in-reconvention. Intervenor contends that if the Allstate test of relationship and identity of interest had been correctly considered in light of the cause of action (the facts and circumstances surrounding the accident), then the connexity of relationship and identity of interest which exists between intervenor's son and the other parties to the suit would be sufficient to interrupt the running of prescription.
Appellees argue that LSA-R.S. 9:5801 does not save intervenor's petition because the original petition by Ellenburg did not interrupt prescription except as to "the cause of action therein sued upon," which was Ellenburg's own cause of action and not intervenor's cause of action. Appellees argued that while it has been held that the cause of action is the state of facts which gives a party the right to judicially assert an action against the defendant, Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975), this rule of law does not provide a basis for allowing one party the right to judicially assert all actions of all other parties against the defendant. One factual occurrence or negligent act may give rise to many causes of action.
In Allstate, supra, Allstate timely sued Theriot in tort for injuries sustained by Moore stating that Theriot's negligence had aggravated an initial back injury suffered by Moore at work for his employer, Allstate's insured, and that Allstate was thus required to pay additional compensation benefits and medical expenses for this tort-caused aggravation of the initial injury. Moore intervened under LSA-R.S. 23:1102 in the suit after the one-year prescriptive period had passed seeking recovery for personal injuries and medical expenses resulting from the accident. Allstate's main demand *1218 was dismissed as not stating a cause of action. The Supreme Court held, however, that Allstate's main demand had interrupted prescription on Moore's petition for intervention because under LSA-R.S. 23:1101, as interpreted by National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (La.1965)[4], Allstate's timely suit against Theriot fully apprised Theriot that judicial claim was being made to enforce his liability for personal injuries caused to Moore by the accident.
The Supreme Court stated the following:
"It is true that, if (as in this case) the subsequent claimant is a different person than the original plaintiff, then to interrupt prescription the first suit must not only be based upon the same factual occurrence as is the subsequent claimant by amended petition or intervention; the subsequent claimant must also be closely connected in relationship and identity of interest with the original plaintiff..."
We reject intervenor's argument that as long as the facts and circumstances surrounding the accident are the same that suit by one party interrupts prescription as to all possible claims of various claimants regardless as to relationship or absence of identity of interest. The original petition related only to Ellenburg's cause of action, "the cause of action therein sued upon" and not to the minor child's cause of action and particular damages. One accident, event, or factual occurrence may give rise to many causes of actions on the part of various claimants. Cf. Cullivan v. State Farm Mutual Ins. Co., 428 So.2d 1231 (La.App. 3rd Cir.1983).[5] The cases cited in Allstate, supra, in which late claims were allowed are distinguishable, because, in each, the late-filer was suing upon a particular claim of a particular individual already presented in whole or in part.
We are reinforced in our opinion by two very similar cases. In Brown & Root v. Missouri Pac. R. Co., 381 So.2d 1255 (La. App. 4th Cir.1980), cert. denied, 385 So.2d 794 (La.1980), cars belonging to Missouri Pacific damaged Brown & Root equipment and Monsanto facilities on April 5, 1976. On March 31, 1977, Brown & Root and its insurer sued Missouri Pacific, and on May 23, 1977, Missouri Pacific reconvened against Brown & Root for damages and also third partied Monsanto for damages and for indemnity or contribution. Monsanto answered on June 28, 1977, and on June 16, 1978, filed an "intervention or reconventional demand" for its own damages against Missouri Pacific. Our brethren of the Fourth Circuit upheld the trial court judgment dismissing Monsanto's intervention as prescribed. The court said that Brown & Root's original petition only interrupted prescription as to "the cause of action therein sued upon" which was Brown & Root's cause of action and not Monsanto's cause of action. The court further said that the damage to Monsanto's facilities was an essential element of Monsanto's cause of action but was not an element of Brown & Root's cause of action.
In Moraus v. State, Through Dept. of Transp., 396 So.2d 596 (La.App. 3rd Cir. 1981), several parties sued the Department of Transportation and Development (DOTD) for damages which occurred in an automobile accident caused by ice on a bridge claiming that DOTD failed to warn and failed to correct the hazardous condition of the bridge. Ann Marie Lacy, a passenger in one of the two cars involved, filed a petition of intervention against DOTD for her personal injuries more than a year after the accident. Our brethren of the Third Circuit reversed the trial court judgment awarding Ms. Lacy damages and *1219 held that her claims had prescribed. The court said the following at page 599:
"... We note that the cases cited by the supreme court to support this conclusion all involved one principal cause of action. In the case at bar there are three different claimants each asserting his or her distinct and separate cause of action which arose from the same accident. In our opinion these claimants are not sufficiently connected in relationship and identity of interest for the judicial demand of one to interrupt prescription running against each claimant. The judgment will therefore be reversed insofar as the award to Ann Marie Lacy is concerned as we find that her claim was extinguished by the prescription of one year."
In neither of these cases was the closeness of the relationship or the identity of interest compelling enough to hold that the timely suit by one individual interrupted prescription on claims of other individuals. Every element of the late-filing intervenor's cause of action must be included in the original petition for prescription to be interrupted. See Brown & Root v. Missouri Pac. R. Co., supra.
In the instant case, damages for injuries to intervenor's minor child were a separate cause of action and were not included in the original petition or in the reconventional demands, though the injuries arose out of the same accident. Since intervenor's petition for intervention asserting the minor's child's cause of action was filed more than a year after the accident, the trial court was correct in maintaining the exception of prescription. See Cullivan v. State Farm Mutual Ins. Co., supra.
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 3536 reads as follows:

Art. 3536. Other actions prescribed by one year
"The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.
That which a possessor may institute, to have himself maintained or restored to his possession, when he has been disturbed or evicted.
That for the delivery of merchandise or other effects, shipped on board any kind of vessels.
That for damage sustained by merchandise on board ships, or which may have happened by ships running foul of each other."
[2] LSA-R.S. 9:5801 provides as follows:

§ 5801. Interruption of prescription by filing of suit, service of process
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1.
Repealed by Acts 1982, No. 274, § 1, eff. January 1, 1983. (The substance of R.S. 9:5801 is included in LSA-C.C. art. 3462, enacted by Acts 1982, No. 187, § 1, effective January 1, 1983.
[3] See footnote 1.
[4] National Surety Corporation v. Standard Accident Ins. Co., supra, held that a timely-filed tort suit by an employee's compensation insurer under La.R.S. 23:1101-03 affords notice by legal demand as to the tort cause of action of both employer and employee and thus interrupts prescription. The injured employee is permitted, by post-year intervention in the employer's suit to assert his own claim for damages arising out of the same facts that gave rise to the tortious cause of action. Based on this statute, there is only one cause of action based on the facts of the tort-caused injury to the employee.
[5] In Cullivan, supra, Chief Judge Jerome Domengeaux sets forth an excellent review of the relevant jurisprudence.