509 So.2d 451 (1987)
Bruce G. and Karen PONTIFF, Plaintiffs-Appellees,
v.
Joy Nell BAILEY, et al., Defendants-Appellants.
Joy Nell BAILEY, Individually and as Tutrix of Her Minor Daughter, Theresa Bailey, Plaintiffs-Appellees,
v.
PRUDENTIAL INSURANCE COMPANY, et al., Defendants-Appellants.
No. 86-396.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
*452 Edward E. Rundell, of Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Alexandria, for defendants-appellants.
Watson, Murchison, Crews, Arthur & Corkern, Steven D. Crews, Wright & Wright, R. Stuart Wright, Natchitoches, for plaintiffs-appellees.
Before LABORDE and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[*]
LABORDE, Judge.
Joy Nell Bailey was found solely at fault in causing a three car collision on La. Highway 1. Her insurer, Casualty Reciprocal Exchange (hereinafter Casualty), appeals urging that Joy Nell Bailey, as tutrix of her minor child, Theresa Bailey, added Casualty as a defendant after the prescriptive period had run. Casualty also appeals the damage award to Theresa Bailey, a passenger in Joy Nell Bailey's car at the time of the accident. Also awarded damages were Karen Pontiff, Bruce Pontiff, and their daughter Jessica Pontiff. The damages awarded to the Pontiffs have not been appealed and this issue is not before us. We affirm in part, recast the judgment, and render.
In appealing the judgment of the trial court, Casualty files for the first time an exception of prescription alleging that any action by Theresa Bailey against Casualty was filed more than one year after the November 25, 1982 automobile accident and, that therefore the claim has prescribed. Furthermore, Casualty appeals asserting two assignment of error as follows:
1) The trial judge was in error when he rendered judgment "in favor of Joy Nell Bailey, as tutrix of her minor daughter, Theresa Bailey, and against defendants, Joy Nell Bailey and Casualty Reciprocal Exchange ..." Casualty alleges that because Theresa Bailey never sued her mother, Joy Nell Bailey, that judgment could not be rendered against her. Appellants wish to have the words "defendants" changed to defendant and to delete the words "Joy Nell Bailey and" from the judgment.

*453 2) Appellant, Casualty, contends "that the jury verdict in favor of Theresa Bailey for $35,000 was excessive and clearly contrary to the law and evidence presented as it related to the issue of quantum."

FACTS
On November 25, 1982, Joy Nell Bailey was driving her car in a southernly direction on Louisiana Highway 1. Traveling in a northerly direction on La. Highway 1 near Natchitoches was a vehicle driven by Rickey Martin. Martin's vehicle was stopped in his lane waiting to make a left turn across La. Highway 1 onto an intersecting parish road. Immediately behind Martin, traveling in the same direction was a vehicle driven by Bruce Pontiff. The accident occurred when the vehicle driven by Joy Nell Bailey, traveling at approximately forty-five (45) miles per hour, crossed the center line and struck Martin's vehicle head on, knocking it into the Pontiff vehicle.
Plaintiffs, Bruce and Karen Pontiff, filed suit against defendants Joy Nell Bailey and her insurer, Casualty. Defendants, Joy Nell Bailey and Casualty, then filed an answer and reconventional demand against plaintiff, Bruce Pontiff, alleging the negligent operation of his vehicle.
On October 5, 1983, Joy Nell Bailey filed a separate suit on behalf of her minor daughter, Theresa Bailey, against Prudential Insurance Company and its insureds, the Pontiffs, and Ricky M. Martin for injuries sustained by Theresa Bailey in the accident. On December 8, 1983, Prudential filed an answer and third party demand against Joy Nell Bailey. Shortly thereafter, the Pontiffs filed an answer and third party demand against Joy Nell Bailey. On January 16, 1984, the court consolidated the two cases for the purpose of trial.
On February 14, 1984, Joy Nell Bailey, as tutrix of her minor daughter, Theresa Bailey, amended the October 5, 1983 petition to name Casualty as a new defendant.
Trial was held October 14, 1985. On October 16, 1985, the matter was submitted to the jury. The jury found the Pontiffs and Ricky Martin free of negligence. Joy Nell Bailey was found to be one hundred percent at fault in causing the accident. Damages of $35,000 were awarded to Joy Nell Bailey as tutrix of Theresa Bailey.

EXCEPTION OF PRESCRIPTION
The issue before us, raised for the first time on appeal, is whether Theresa Bailey has stated a cause of action against Casualty which relates back to her original petition and is not barred by liberative prescription of one year. We must look to whether the requisites of La.C.C.P. art. 1153 were satisfied so as to meet the notice and other requirements, curing the deficiencies, thereby saving the claim from prescription. Recent jurisprudence ameliorates our analysis.
In Giroir v. South La. Medical Center, 475 So.2d 1040, 1043 (La.1985), the court reviewed whether plaintiff's amended petition adding a defendant related back so as to overcome prescription.
"[A]rticle 1153 [La.C.C.P.] allows an amendment which adds or substitutes a defendant to relate back to the date of the filing of the original petition: (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed."
In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the court applied La.C.C.P. art. 1153 to allow plaintiff to add a defendant who was notified of the plaintiff's claim and who therefore would not be prejudiced *454 in its defense. The amended petition added a defendant which was not wholly new or unrelated to the pending litigation.
In State Farm Mutual Automobile Insurance Company v. Farnsworth, 425 So.2d 827, 829 (La.App. 5th Cir.1982), the appeals court quoted Justice Tate regarding prescriptive issues as follows:
"`The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or nonpreservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period. 21-Tulane-Law-Review-211, at p. 233.'"
The Court went further to hold:
"If the original timely pleading gives actual notice to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of a postprescription amendment based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought arising from the general factual situation alleged, and he is put on notice that his evidence concerning it should be collected and preserved. 21-Tulane-Law-Review, supra."
In Ellenburg v. Commercial Union Insurance Company, 434 So.2d 1216 (La. App. 1st Cir.1983), decided before Giroir, a third party intervened on behalf of a minor child after the prescriptive period had run. Ellenburg held that the minor child had a separate cause of action which was not filed timely; therefore, the claim had prescribed. After Ellenburg, Dykes v. Peabody Shoreline Geophysical, 482 So.2d 662 (La.App. 1st Cir.1985), looked to Giroir and modified its position in Ellenburg with regards to an amended petition relating back to the filing of the original petition. In Dykes, the court held that an amendment filed on behalf of minor children after the prescriptive period had run related back to the original petition.
In the case sub judice, the factual basis of the claim on behalf of Theresa Bailey arose from the same conduct, transaction or occurrence that supported the claim filed against Casualty and Joy Nell Bailey by Bruce and Karen Pontiff. The allegations of the suit by the Pontiffs provided notice to Casualty and Joy Nell Bailey that they were alleged to have caused the accident and may be required to defend the suit. The petition put Casualty and Joy Nell Bailey on notice that judicial relief arising out of the accident was sought and that evidence concerning the accident should be collected and preserved. This suit was joined with a second suit timely filed on behalf of Theresa Bailey involving the same accident. The difficulty perceived by Casualty is that at no time did Casualty have notice that Theresa Bailey was a party prior to the joining of the two suits and prior to the amendment adding Casualty as a defendant. We find this argument specious. Casualty cannot claim that they were unaware of the circumstances surrounding this accident. Casualty and Joy Nell Bailey were not prejudiced. They actively participated in discovery and did not file the exception of prescription until after the case was tried on October 14, 1985, more than two years after Casualty was put on notice by the Pontiffs' original petition and more than one year after the amendment adding Casualty as a defendant in the suit filed on behalf of Theresa Bailey. The essential protective purpose of the prescriptive statute is not violated in this case by permitting relation back to the post prescriptive amendment based on the same factual situation pleaded in the previously filed original petitions. See Bertrand v. St. Paul Fire & Marine Ins. Co., 491 So.2d 474 (La.App. 3d Cir.), writs denied, 494 So.2d 541, 543 (La.1986). We conclude that the February 14, 1984 amendment adding Casualty as a defendant related back to the original petition filed on behalf of Theresa Bailey.
A separate but related issue appealed by defendant-appellant, Casualty, is whether the wording of the judgment is in error. The judgment states in pertinent part: judgment is rendered "in favor of Joy Nell Bailey as tutrix of her minor *455 daughter, Theresa Bailey, and against defendants, Joy Nell Bailey and Casualty Reciprocal Exchange." Casualty contends that the judgment is in error because it purports to render judgment in favor of Theresa Bailey against someone never sued by Theresa Bailey, namely, Joy Nell Bailey. We agree. At no time did the suit filed on behalf of Theresa Bailey name Joy Nell Bailey as a defendant. The judgment must therefore be amended. This change in no way affects the related issue of prescription.

QUANTUM
Finally, Casualty contends that the jury verdict in favor of Theresa Bailey is excessive and contrary to the law and evidence. The jury awarded damages to Theresa Bailey as follows:

Past Physical Pain & Suffering...... $ 5,000.00
Future Physical Pain & Suffering ... $ 7,500.00
Past Mental Anguish................. $ 5,000.00
Future Mental Anguish............... $12,500.00
Past & Future Medical Expenses ..... $ 5,000.00
 ----------
 Total....................... $35,000.00

Only after making the finding that the record supports that the lower court abused its wide discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). See also Reck v. Stevens, 373 So.2d 498 (La.1979).
After reviewing the evidence, we find that the jury did not abuse its discretion. Theresa Bailey was injured when the car in which she was a passenger, traveling at a speed of approximately forty-five (45) miles per hour, ran head-on into a vehicle in the opposite lane. Upon impact, Theresa was thrown from her seat into the windshield, thereby resulting in the injury to her head. The laceration, which reached the skull, stretched from the top of one ear, across the head like headphones, to the other ear. The jury had an opportunity to view the physical damage to this young lady's scalp. The testimony of Dr. John Valiulis indicated that plastic surgery with approximately a 50% success rate, could be performed in the future in order to reduce the size of the scar. Dr. Valiulis further indicated that the scar was in an "excellent line for cosmetic purposes."
Joy Nell Bailey, Theresa's mother, testified that Theresa is embarrassed by people asking her what happened to her head. Her mother further testified that Theresa is most embarrassed when she goes swimming, an activity she greatly enjoys, as the scar is most visible at that time. After reviewing the testimony of Dr. Valiulis and Joy Nell Bailey, we cannot say the jury abused its discretion in awarding damages of $35,000 to Theresa Bailey.
For the reasons assigned, the exception of prescription is denied. The judgment of the trial court is recast: Judgment is rendered in favor of Joy Nell Bailey as tutrix of her minor daughter, Theresa Bailey, and against defendant, Casualty Reciprocal Exchange. The award of damages in the amount of $35,000 to Theresa Bailey is affirmed. Defendant, Casualty Reciprocal Exchange, is to pay all costs of this appeal.
AFFIRMED IN PART, JUDGMENT RECAST AND RENDERED.
NOTES
[*] Hon. William A. Culpepper, Judge Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.