520 So.2d 1273 (1988)
ZALE INDEMNITY COMPANY
v.
Romaine SMITH.
Romaine SMITH
v.
Willie LEWIS and Production Management Industries, Inc.
Nos. 87-CA-679, 87-CA-680.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Writ Denied April 4, 1988.
James H. Minge, New Orleans, for Romaine Smith, appellant.
Friend, Wilson & Draper, Gordon F. Wilson, Jr., New Orleans, for Zale Indem. Co., appellee.
Before CHEHARDY, C.J., and DUFRESNE and WICKER, JJ.
CHEHARDY, Chief Judge.
Romaine Smith appeals a judgment that annulled her damage award against Zale Indemnity Company for her failure to name Zale as a defendant in her suit against Zale's insured. We affirm.[1]
*1274 Ms. Smith was injured in an automobile accident while a passenger in a vehicle owned and operated by Willie Lewis. She sued Lewis and his employer, Production Management Industries, Inc. ("PMI"), alleging Lewis had been in the course and scope of his employment at the time the accident occurred. She later amended her petition to add as defendants PMI's insurers, Northwest Insurance Company and Chicago Insurance Company, but she never added Lewis' personal automobile liability insurer, Zale Indemnity Company. PMI, Northwest and Chicago filed third-party demands against Zale, which Zale duly answered. The attorney who represented Lewis also represented Zale.
After discovery proceedings and various pretrial motions, trial on the merits took place before a jury. The jury found Lewis negligent and awarded Smith $192,500 in damages, but held Lewis was not in the course and scope of his employment. Pursuant to the verdict, the district judge rendered judgment dismissing PMI, Northwest and Chicago, also dismissing the third-party demands by PMI and its insurers against Zale. The judgment awarded Smith damages not only against Lewis, however, but also against Zale.
Smith filed a motion for judgment notwithstanding the verdict or for new trial or for additur, which was denied. Smith then filed an appeal in this court; neither Zale nor PMI nor its insurers appealed or answered the appeal.
It is obvious from the record and transcript that the attorney then acting as counsel for Zale forgot or overlooked the fact that Zale had not been made a defendant on the main demand. Counsel presented Zale, in most of the pleadings as well as at trial, as a defendant to Smith's suit. Zale raised no jurisdictional objections to the proceedings or to the judgment against it. As its brief to this court, Zale simply filed a pleading adopting PMI's brief. None of the other parties made any mention of the error made in casting Zale in judgment.
The main issues on that appeal were whether Lewis was acting in the course and scope of his employment when the accident occurred and whether the damage award to Smith was adequate. This court affirmed the jury's finding on the course-and-scope question but, finding the awards for pain and suffering grossly inadequate, we increased the total award to $367,500. Zale Indemnity Company was not mentioned in any way in the opinion. Smith v. Lewis, 499 So.2d 1350 (La.App. 5 Cir.1986) (Gaudin, J., author, and Dufresne, J.; Kliebert, J., concurring in part and dissenting in part).
Smith filed a writ application with the Supreme Court; one of her assignments of error was that this court had erred in failing to specify that the increase in the award was against Zale as well as Lewis. On March 20, 1987, the Supreme Court denied the application, stating, "Denied. The judgment of the Court of Appeal did not affect the district court judgment against Zale Indemnity Company." Smith v. Lewis, 503 So.2d 476 (La.1987).
At that point Zale apparently realized that, with policy limits of only $5,000, at the least it should not have been cast for the entire amount of the award. On March 26, 1987, Zale filed a "Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and for Amendment or Nullity of Judgment," asking the trial court to reform the April 1985 judgment to show that Zale was liable in solido only for the first $5,000 of the judgment, reflecting the $5,000 limits of Lewis' policy with Zale. Zale alleged the amendment would be permissible as a correction of "errors in phraseology and/or calculation." Obviously, Zale had not yet comprehended the fundamental defect: that it was not a defendant on the main demand.
On March 31, 1987, Zale filed a "First Supplemental and Amending Petition for Amendment or Nullity of Judgment," in which Zale at last recognized the failure of Smith to name it as a defendant. On April 9, 1987, Zale filed a separate suit for nullity against Smith, asserting the judgment was *1275 null under LSA-C.C.P. art. 2002 because Zale was not a named defendant, had never been cited or served with the main demand, and had filed no answer to the main demand.
The suit for nullity was consolidated with the original suit. After hearing argument simultaneously on both petitions, the district court concluded that Zale was not a party defendant in the original petition, that it was a third-party defendant, that it had not been cast in judgment by the jury verdict, that counsel had erred in preparing the judgment and that the court had erred in signing the judgment that made Zale liable. The court further found there was no service on Zale in the original petition, no appearance by Zale relative to Smith's original demand, and no acquiescence by Zale in the judgment.
Accordingly, the district court rendered judgment in Zale v. Smith, annulling the judgment of April 1985. At the same time the court denied the petition to amend the judgment filed in Smith v. Lewis, as procedurally improper. Smith appealed and the case now is before us in this posture.
Smith raises five issues on appeal, but we find no reversible error.
First, Smith contends that Zale's exclusive remedy was a timely appeal of the April 1985 judgment, the absence of which now precludes Zale from annulling it. She cites Beauregard v. Salmon, 205 So.2d 634 (La.App. 2 Cir.1967), an appeal of a judgment in a tort suit. There the court upheld a judgment rendered against a third-party defendant, not named in the plaintiff's suit, that had neither appealed nor answered the plaintiff's appeal. The court also dismissed the judgment as against an insurance company that was neither a direct party nor a third party to the action. The court made no comment, however, regarding the right to appeal vis-a-vis the right to a nullity action. The Beauregard case is not authority for the proposition cited by Ms. Smith here.
A judgment rendered against a person who is not named as a defendant is an absolute nullity. Luneau v. Hanover Ins. Co., 478 So.2d 752 (La.App. 3 Cir.1985). As such, an action to annul it may be brought at any time. LSA-C.C.P. art. 2005; Ledford v. Pipes, 507 So.2d 9 (La.App. 2 Cir. 1987).
Smith next contends that Zale lost its right to seek nullity by making a general appearance in Smith v. Lewis. She cites Zale's March 1987 motion to amend the 1985 judgment, Zale's pleadings before the Supreme Court and this court on appeal of the 1985 judgment, and the remarks of Zale's trial counsel, in all of which Zale was presented as a direct defendant.
In addition, we note, one of the earliest documents filed in the suit was a "Request for Notice" pursuant to LSA-C.C.P. art 1572, filed by Zale Indemnity Company on January 27, 1984. At that time, not only had Zale not been named a defendant on the main demand, but PMI's third-party demand against Zale had not even been filed (and, in fact, the third-party demand was not filed until two months later).
Under the provisions of LSA-C.C. P. art. 7, had Zale been made a party by Smith, the Request for Notice would have constituted a general appearance and a submission by Zale to personal jurisdiction on the main demand. Because Zale was not a party to the main demand, however, it could not make a general appearance on the main demand. Brock v. Tidewater Construction Company, 318 So.2d 100 (La.App. 3 Cir.1975); see also, Pontiff v. Bailey, 509 So.2d 451 (La.App. 3 Cir.1987.) A judgment may not be rendered in favor of a plaintiff against a third-party defendant unless the plaintiff has amended his petition to make the third-party defendant a direct defendant. Heckel v. Travelers Ins. Co., 340 So.2d 363 (La.App. 1 Cir.1976); see also, Ferrantelli v. Sanchez, 90 So.2d 351 (La.App.Orl.1956).
Smith's next contention is that Zale acquiesced in the judgment, thereby waiving its right to annulment, citing LSA-C.C.P. art. 2003. Smith premises this argument on Zale's failure to appeal the judgment and Zale's request that the Supreme Court amend the judgment to limit Zale's *1276 liability to $5,000. Smith contends that request (made, we note, not in a separate writ application but in a response to Smith's writ application) is an attempt to "benefit" from the judgment. There is no merit to this argument. An attempt to mitigate the damaging effect of a judgment is not an attempt to benefit from it.
Next, Smith argues that the Supreme Court's comment in denying writs in Smith v. Lewis warrants application of the "law of the case" doctrine. (As noted above, the Supreme Court denied writs, stating that the judgment of the court of appeal did not affect the district court judgment against Zale.) This issue is related to Smith's last contention, that the ground for nullity now urged by Zale appeared in the record and was considered by the appellate court, precluding Zale's nullity action.
LSA-C.C.P. art. 2005 provides, "A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court." Thus, if the statement in the writ denial is construed as indicating that the Supreme Court considered the issue of the district court's jurisdiction to render the judgment against Zale, then Zale's nullity action must be dismissed.
We find no authority for the construction proposed by Smith. There is no basis to find that the validity of the judgment against Zale was ever considered by either this court or the Supreme Court.
For the foregoing reasons, the judgment of nullity is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] Because Zale also filed a motion to amend the judgment in the original case when it filed the suit to annul, the two cases were consolidated. However, no appeal was taken from the companion ruling in the original suit. Accordingly, we shall not render a separate judgment in the other case, Smith v. Lewis, No. 87-CA-679.