818 So.2d 932 (2002)
Jacquelyn HAZEY, et al
v.
Paul McCOWN, et al
No. 2001 CA 0929.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*933 Christopher D. Shows and Burk A. Chuter, Baton Rouge, Counsel for Plaintiffs/Appellants Jacquelyn Hazey, Brooks O'Connor and Richard I. Hazey.
Marc S. Whitfield, Baton Rouge, Counsel for Defendant/Appellee Kevin Couhig.
Before: FITZSIMMONS, DOWNING, and LANIER[1], JJ.
WALTER I. LANIER, Judge Pro Tem.
This action is a suit for damages in tort by three plaintiffs alleging assault, battery and intentional infliction of emotional distress. One of the defendants, Kevin Couhig, filed a declinatory exception raising the objection of insufficiency of service of process and a peremptory exception raising the objections of prescription and no cause of action. After a hearing, the trial court *934 sustained the peremptory exception raising the objection of prescription and dismissed the plaintiffs' suit against Couhig with prejudice. The trial court declined to rule on the other exceptions on the ground that they were moot. The plaintiffs took this devolutive appeal.

FACTS
The plaintiffs in this action are Jacquelyn Hazey, Brooks O'Conner and Richard I. Hazey. Their petition alleges that the defendants, Paul McCown and Kevin Couhig, committed the alleged torts on September 16-17, 1998. The petition also asserts the incident in question occurred because the defendants were "angered over a billing dispute between Bitworx, Inc. and Source Capital Corporation ...." This action was filed on June 12, 2000.
Couhig's pleading asserting his exceptions has two exhibits attached to it. One is a certified copy of a judgment dated November 22, 1999, rendered in an action entitled Source Capital Corporation v. Bitworx, Inc., Number 454,162 on the docket of the 19th Judicial District Court that provides, in pertinent part, as follows:
Present in Court:
Brandon Black for Source Capital Corporation, Kevin Couhig, and Paul McCown;
Christopher D. Shows for Bitworx, Inc., Richard I. Hazey, Jacquelyn Hazey, and Brooks O'Connor.
After consideratin [sic] of the motions submitted by the parties and the accompanying memoranda, and after argument by both counsel, the Court rendered judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Court is satisfied that the purposed [sic] intervenors have stated allegations sufficient to establish a right of action.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the purported intervenors file amended pleadings within 30 days establishing, if they are able, their right to intervene in the principal and/or reconventional demands. Failure to do so will result in an order by this Court severing the intervention from the principal demands.
This judgment shows the exception was heard on November 15, 1999. Source Capital Corporation, Couhig and McCown applied to this court for a supervisory writ asserting error in this judgment. This court, on June 2, 2000, under docket number 00CW0001, rendered the following judgment:
WRIT GRANTED. The trial court's judgment of November 22, 1999, is hereby reversed and judgment is entered in favor of relators granting their peremptory exception of no right of action as to the new plaintiffs in intervention. See LSA-C.C.P. art. 1091.
The trial of Couhig's exceptions was held on October 23, 2000. The court minutes for the trial state that "[a]rgument was had by counsel" and "the matter submitted...." The civil evidence list in the record states "(N)o Evidence has been filed in suit # 473,280 as of April 27, 2001."

PRESCRIPTION

(Assignments of error 1 and 2)
The appellants assert the trial court erred by sustaining the peremptory exception raising the objection of prescription because (1) their intervention in a timely filed suit (Source Capital Corporation v. Bitworx, Inc.) "tolled" the prescriptive period; and (2) their claim "arose out of the same occurrence or transaction" as the timely filed claim and was "directly related in their [the defendants'] capacity as a corporate entity."
*935 The defendants asserts the plaintiffs' causes of action in tort have prescribed pursuant to the liberative prescription of one year provided for in La. C.C. art. 3492. Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Strata v. Patin, 545 So.2d 1180 (La.App. 4 Cir.), writs denied, 550 So.2d 618 (La.1989); State ex rel. Guste v. Thompson, 532 So.2d 524 (La.App. 1 Cir.1988). Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled because of an interruption or a suspension. Tranum v. Hebert, 581 So.2d 1023 (La. App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991); Spencer-Wallington, Inc. v. Service Merchandise, Inc., 562 So.2d 1060 (La.App. 1 Cir.), writ denied, 567 So.2d 109 (La.1990); Zumo v. R.T. Vanderbilt Company, Inc., 527 So.2d 1074 (La. App. 1 Cir.1988).
The petition of the plaintiffs asserts the torts were committed on September 16-17, 1998. This action was filed on June 12, 2000. The plaintiffs' claims are prescribed on the face of the pleadings. The burden is on the plaintiffs to show that prescription has not accrued because of an interruption or a suspension. The plaintiffs have not asserted any facts that would entitle them to a suspension of prescription. La. C.C. art. 3467 et seq. The filing of a suit in a court of competent jurisdiction and venue interrupts liberative prescription as to the causes of action therein sued upon. La. C.C. art. 3462 and Revision Comment (b) therefor. The corollary of this rule is that the filing of a suit does not interrupt liberative prescription as to causes of action not sued upon therein.
In the instant case, the plaintiffs contend that the filing of an intervention in a prior suit interrupted prescription on the cause of action sued upon herein. La. C.C. arts. 3463 and 3464. An intervention is an incidental demand; it is not an original action. La. C.C.P. art. 1031. Interventions are provided for in La. C.C.P. art. 1091 et seq. Article 1091 provides as follows:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.

(Emphasis added)
La. C.C.P. art. 1067 provides as follows:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand. (Emphasis added).
In Allstate Insurance Company v. Theriot, 376 So.2d 950, 954 (La.1979) appears the following:
It is true that, if (as in this case) the subsequent claimant is a different person than the original plaintiff, then to interrupt prescription the first suit must not only be based upon the same factual occurrence as is the subsequent claim by amended petition or intervention; *936 the subsequent claimant must also be closely connected in relationship and identity of interest with the original plaintiff. (Emphasis added; citations omitted)
The record on appeal shows that a suit between two corporations existed prior to the filing of this suit; however, it does not show when this prior suit was filed or what causes of action were asserted therein. The record on appeal shows that the plaintiffs herein attempted to intervene in the prior suit; however, it does not show when the attempted intervention was filed, whether the causes of action asserted by the plaintiffs herein arose out of the same occurrence or occurrences involved in the prior suit or whether the intervention was filed within ninety days of service in the prior suit. Neither the prior suit nor the attempted intervention are in the record on appeal. The corporate (juridical) persons in the prior suit are not the same as the natural persons in this suit. La. C.C. art. 24. The judgment of this court, reflected by the writ action in the record, shows that the plaintiffs herein had no right of action to intervene in the prior suit. It is implicit in this ruling that the plaintiffs did not assert a right related to or connected with the object of the prior suit. The unauthorized filing of an intervention in a pending action does not interrupt prescription on the cause of action asserted in the intervention.
Pursuant to La. C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La. C.C.P. arts. 2127 and 2128; Official Revision Comment (d) for La. C.C.P. art. 2127. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Davis v. Anderson, 451 So.2d 1302 (La.App. 1 Cir.1984). Thus, an appellate court cannot review facts in appellate briefs, affidavits and motions, if those facts are not in the record. Capital Drilling Company v. Graves, 496 So.2d 487 (La. App. 1 Cir.1986); Fred H. Moran Construction Corporation v. Elnaggar, 441 So.2d 260 (La.App. 1 Cir.1983); Bullock v. Commercial Union Insurance Company, 397 So.2d 13 (La.App. 3 Cir.1981). The facts asserted in the briefs of the parties in this case that are not contained in the petition or the record on appeal cannot be considered by this court. Tranum v. Hebert, 581 So.2d at 1027.
A review of the record on appeal shows there is no evidence showing a timely interruption of the one year liberative prescription of Article 3492. The alleged tortious conduct occurred on September 16-17, 1998. This suit was filed on June 12, 2000. The tort claims are prescribed on the face of the petition. The burden was on the appellants to show an interruption of the one year prescriptive period. They have failed to do so. The causes of action asserted in this suit are barred by prescription. Cf. Ellenburg v. Commercial Union Insurance Company, 434 So.2d 1216 (La.App. 1 Cir.1983).
These assignments of error are without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The appellants are cast for the costs of this appeal.
AFFIRMED.
FITZSIMMONS, J., concurs.
NOTES
[1] The Hon. Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeals, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.