KUHN, J.
| ^Defendant-relator, the State of Louisiana through the Department of Transportation and Development, Public Works and Water Resources Division (the State), seeks a review of the trial court’s judgment, overruling a peremptory exception raising the objection of prescription against the petition of plaintiffs-respon *800 dents, Carl Vaughn (in his individual capacity and as tutor of his' minor children) and his wife, Netric. For the following reasons, the State’s writ application is denied.
FACTUAL AND PROCEDURAL BACKGROUND
On November 12, 2008, the Vaughns filed a petition for damages, which alleged that on April 29, 2006, as a result of rainfall, a ditch owned and maintained by the State overflowed and caused their home to flood. They named as defendants, the State and the City of Baton Rouge, Parish of East Baton Rouge (City-Parish), which had installed a Liberty Pump on the Vaughns’ property to prevent sewerage from flooding and/or backing up into their home. According to the allegations of the petition, the City-Parish had contractually assumed responsibility for the maintenance of the Liberty Pump and was liable for failing to do so. The Vaughns averred that the State’s liability arose from its failure to maintain and clean the ditch.
On March 12, 2009, the State filed a peremptory exception raising the objection of prescription, asserting that the lawsuit was untimely filed. After a hearing at which evidence was adduced, the trial court denied the exception.[1] This court denied the State’s writ and the State filed a writ application with the supreme court. The supreme court granted the writ and remanded the matter to this court for briefing, argument, and an opinion. See Vaughn v. City of Baton Rouge, 2009-1985 (La.11/25/09), 21 So.3d 951.
DISCUSSION
Delictual actions are subject to a liberative prescription of one year, which runs from the date of injury or damage. La. C.C. art. 3492. Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the -pleadings, the burden is on the plaintiff to show that prescription has not tolled, because of an interruption or a suspension. Hazey v. McCown, 2001-0929, p. 3 (La.App. 1st Cir.5/10/02), 818 So.2d 932, 935. Because the face of the Vaughns’ petition states the flood giving rise to their damages occurred on April 29, 2006, and the petition in question was not filed until November 12, 2008, the Vaughns had the burden of proving that the liberative prescription of one year had not accrued, because of an interruption or a suspension.
In an effort to meet their burden of proof, the Vaughns introduced into evidence at the hearing on the exception of prescription: (1) a petition for damages filed by Vincent Randolph (in his individual capacity, as tutor of his minor children, and as representative of his wife’s estate) against the State and the City-Parish (the Randolph suit) on April 26, 2007, as suit number 554,707, in the Nineteenth Judicial District Court; (2) the Vaughns’ petition of intervention filed on April 27, 2007, into the Randolph suit; and (3) the minutes from September 29, 2008, in the Randolph suit in which a peremptory exception raising the objection of no right of action was granted without prejudice. It is undisputed that the basis of the trial court’s ruling on the exception of no right of action was that the Vaughns’ intervention was improper. The Vaughns contend that the petition of intervention that they filed *801 in the Randolph suit on April 27, 2007, interrupted prescription on their claims against the State.
Prescription is interrupted when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. La. C.C. art. 3462. Our review of the evidence shows that the petition of intervention, filed by the Vaughns in the Randolph suit within one year of the flood and the resulting damage, set forth the material facts of the occurrence that were also set forth by the Randolphs in their petition with respect to the State. See La. C.C.P. art. 891. In fact, the Vaughns’ petition in this suit contains the same facts and bases of liability against the State that were included in the petition of intervention. Thus, it is evident that the allegations in the Vaughns’ petition of intervention were sufficient to judicially notify the State of the legal demands by the Vaughns for damages caused by the flood that occurred in the ditch located near their residence. See Parker v. S. American Ins. Co., 590 So.2d 55, 56 (La.1991) (citing Nini v. Sanford Bros., Inc., 276 So.2d 262, 265 (La.1973)). Accordingly, we conclude that prescription on the Vaughns’ claims was interrupted by the filing of their petition of intervention on April 27, 2007. See Parker, 590 So.2d at 56; Nini, 276 So.2d at 265.
The State maintains that this court’s holding in Hazey, 2001-0929 at p. 3, 818 So.2d at 935, requires reversal of the trial court’s denial of the exception of | ¿prescription. We disagree. Although the record in Hazey failed to establish whether the petition for intervention was filed in the original suit and before the accrual of prescription of the intervenors’ tort claims, the Hazey court presumed that it was not timely and therefore dependent on the interruption of prescription by the principal demand. This is apparent from the Hazey court’s reliance on Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979), in which the principal demand was dismissed and the issue was whether the intervention filed after the accrual of prescription was timely. See Allstate Ins. Co. v. Theriot, 376 So.2d at 953. Unlike Hazey, the Vaughns filed their petition of intervention in a court of competent jurisdiction and venue before the accrual of prescription. Furthermore, the allegations in their petition of intervention were sufficient to judicially notify the State before the accrual of prescription that legal demands were being made by the Vaughns for the flood that occurred in the ditch located near the Randolph and Vaughn residences on Barkley Drive. Accordingly, we conclude that the Vaughns’ April 27, 2007 filing effected a legal interruption of liberative prescription in their favor.
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463. If an interruption results and the action is dismissed without prejudice, the period during which the action was pending does not count toward the accrual of prescription. The plaintiff then has the full prescriptive period within which to bring a new action. La. C.C. art. 3463, Revision Comments—1982, comment (b). Thus, the dismissal of the Vaughns’ petition of intervention, without prejudice, as inappropriate pursuant to an | (¡exception raising the objection of no right of action did nothing to undermine the timely judicial notice afforded to the State by that filing. Cf. La. C.C. art. 3463.[2] The Vaughns had one *802 year from the date of the September 29, 2008 dismissal of their intervention to file their petition for damages. See La. C.C. art. 3466. Having filed their petition on November 12, 2008, the Vaughns’ claims for damages were timely asserted.
The law strictly construes statutes on liberative prescription. They are intended to protect defendants from prejudice in preparing and conducting defenses. Parker, 590 So.2d at 56 (citing Giroir v. S. Louisiana Med. Ctr., 475 So.2d 1040, 1045 (La.1985)). The State has demonstrated no prejudice.
Accordingly, the trial court correctly overruled the State’s peremptory exception raising the objection of prescription in the Vaughns’ November 12, 2008 action. For these reasons, we deny the State’s writ application.
WRIT DENIED.

. Although the City-Parish also filed a peremptory exception raising the objection of prescription, it did not seek review of the trial court’s judgment.

. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of *802 record or thereafter, or fails to prosecute the suit at the trial. La. C.C. art. 3463.