KUHN, J.
 

 12Plaintiff-app ellant, Gordon Lawrence, on behalf of the minor child, Dominique,
 
 [2]
 
 appeals the district court’s judgment, sustaining peremptory exceptions raising the objection of prescription filed by defendant-appellees, Our Lady of the Lake Hospital, Inc., doing business as Our Lady of the Lake Regional Medical Center (OLOL), and Dr. Michael Frierson. We affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Dominique, a minor, developed scoliosis at a young age. On May 31, 2004, Dominique underwent a posterior spinal fusion that was performed by Dr. Frierson at OLOL. The surgery involved the placement of instrumentation including pedicle screws. Nearly two years later, in February 2006, Dominique developed itching and discoloration over the lower portion of the surgical site. Dr. Frierson examined her and determined an abscess had developed. Dr. Frierson described it as “a fluctuant area over her lower back in the midline over the incision.” On February 5, 2006, Dominique was admitted to OLOL for treatment by Dr. Frierson, which included incising and draining the abscess.
 

 The OLOL discharge summary stated that subsequent to the incision and draining of the abscess area over Dominique’s spine, her wound “was draining minimal-to-moderate amounts,” and “had been loosely approximated with retention sutures.” The summary indicated, “[t]he family grew increasingly irritated by her hospital stay and the care that they re
 
 *1284
 
 ceived” and “left against | ^medical advice.” OLOL records indicate that the family-wanted Dominique to receive medical treatment from Texas Children’s Hospital in Houston (TCH).
 

 On January 30, 2009, Mr. Lawrence filed a petition to impanel a medical review panel, naming as defendants, OLOL and Dr. Frierson.
 
 [3]
 
 The allegations state that Dr. Frierson performed surgery on Dominique to correct spinal complications and failed to diagnose, used surgical utensils that were not sanitary, performed the surgery at the wrong site, and used the wrong hardware. Thus, he averred, a medical malpractice had occurred.
 

 The Patient’s Compensation Fund (PCF), Medical Malpractice Compliance Director subsequently contacted Mr. Lawrence and advised of the failure of his petition to provide the dates of the alleged malpractice. Mr. Lawrence responded with a letter, which stated:
 

 Date of Release: [OLOL] 2/12/2007
 

 Date of Admission: [TCH] 2/12/2007
 

 Released from Doctor’s Care to Start Rehabilitation 10/19/2007[.]
 

 On February 16, 2009, Mr. Lawrence filed a subsequent petition with the PCF. The petition averred:
 

 Specimens Found Left Behind in Patient and Abstracted: The Chief of Staff of [TCH], Dr. William A. Phillips MD, performed the emergency surgery.
 

 1. One Lamina Hook
 

 2. One Additional Screw Cap
 

 J/SPECIAL NOTE: ALL IMPLANTS WERE REMOVE (sic) INCLUDING TWO RODS, (15) SCREWS. AND 15 SCREW CAP[J
 

 Mr. Lawrence also alleged that the “method of treating the infection was not effective.”
 

 On August 13, 2009, OLOL and Dr. Fri-erson filed a motion to assign a suit number to the malpractice claim Mr. Lawrence had filed with the PCF. Each defendant subsequently filed peremptory exceptions raising the objection of prescription. After a hearing on January 11, 2010, the district court sustained the exceptions and dismissed Mr. Lawrence’s claims against OLOL and Dr. Frierson. A judgment in conformity with the district court’s ruling was signed on April 14, 2010. This appeal followed.
 

 Mr. Lawrence contends that the district court erred in concluding that he failed to file suit on behalf of Dominique within one year from the date of discovery of the alleged malpractice.
 

 DISCUSSION
 

 La. R.S. 9:5628 addresses actions for medical malpractice, providing in relevant part:
 

 A. No action for damages for injury or death against any physician [or] hospital ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims 'filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
 

 B. The provisions of this Section shall apply to all persons whether or not
 
 *1285
 
 infirm or under disability of any kind and including minors and interdicts.
 

 |sThis statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery. La. R.S. 9:5628 corresponds with the basic one year prescriptive period for delictual actions provided in La. C.C. art. 3492, but it additionally embodies the discovery rule delineated as the fourth category of the jurisprudential doctrine of
 
 contra non valentem
 
 (“within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect”), with the single qualification that the discovery rule is expressly made inapplicable after three years from the act, omission or neglect.
 
 See Campo v. Correa,
 
 2001-2707, p. 9 (La.6/21/02), 828 So.2d 502, 509. Both the one-year and three-year limitation periods of La. R.S. 9:5628 are prescriptive.
 
 Borel v. Young,
 
 2007-0419, p. 29 (La.11/27/07), 989 So.2d 42, 69.
 

 Burden of Proof
 

 Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. If, however, the action is prescribed on its face, the patient bears the burden of showing that the action has not prescribed.
 
 Bosarge v. DePaul/Tulane Behavioral Health Ctr.,
 
 2009-1345, p. 3 (La.App. 4th Cir.5/19/10), 39 So.3d 790, 793;
 
 accord Vaughn v. City of Baton Rouge,
 
 2009-0930, p. 3 (La.App. 1st Cir.5/26/10), 39 So.3d 799, 800. On the trial of the prescription exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. The general rule regarding the exceptor’s burden of proof is that a petition should not be found prescribed on its |fiface if it is brought within one year of the date of discovery and facts alleged with particularly in the petition show that the patient was unaware of the malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent, or unreasonable action of the patient.
 
 Campo,
 
 2001-2707 at p. 9, 828 So.2d at 509;
 
 Holmes v. LSU/E. A. Conway Med. Ctr.,
 
 43,662, pp. 5-6 (La.App.2d Cir.10/22/08), 997 So.2d 605, 609-10.
 

 We initially note that this matter is before the district court on defendants’ exceptions, filed pursuant to defendants’ motion to assign a suit number, prior to the completion of the review process by the medical review panel.
 
 See
 
 La. R.S. 40:1299.47(B)(2)(a) of the Medical Malpractice Act (MMA) (allowing a health care provider against whom a claim has been filed before a medical review panel to raise the exception of prescription in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel). When met with an exception of prescription filed in district court during a pending medical panel review under the MMA, the plaintiff is required to prove the defense of
 
 contra non valentem
 
 as allowed under La. R.S. 9:5628.
 
 Holmes,
 
 43,662 at p. 9, 997 So.2d at 611.
 

 Outstanding Motions Filed on Appeal
 

 In support of the
 
 contra non valen-tem
 
 defense, on appeal, Mr. Lawrence asks this court to consider his and Dominique’s affidavit, which was filed into the record prior to the hearing on the exception attached to his memorandum opposing the exceptions of prescription. Because the appellate record did not include these items, Mr. Lawrence filed with this court a motion to supplement the record, which
 
 *1286
 
 was opposed by OLOL and Dr. Frierson. Additionally, OLOL filed a 17motion to supplement the appellate record with the transcript of the January 11, 2010 hearing on the prescription exceptions. Because on appeal the record “shall be a transcript of all the proceedings,”
 
 see
 
 La. C.C.P. art. 2128, we have ordered the supplementation of the record with the January 11, 2010 transcript on our own motion. Thus, we deny as moot, OLOL’s motion to supplement the record.
 

 At the hearing, Mr. Lawrence attempted to have the affidavit placed into evidence. OLOL objected asserting that the affidavit was not competent evidence in response to an exception. The district court judge specifically asked Mr. Lawrence’s attorney, “But the affidavit is of your client who is here today in court, correct?” And the attorney responded, “Yes, sir, one of them.” The district court then sustained the objection to the admission of the affidavit into evidence.
 

 At the conclusion of the hearing, which consisted of the admission of evidence by each of the defendants and the argument of counsel, the district court judge expressly asked, “Does anyone want to be heard?” Mr. Lawrence did not respond. The district court judge then noted “that it did not receive a written copy of the plaintiffs memorandum in opposition to the exceptions,” to which counsel for Mr. Lawrence stated, “We filed it, judge.” The district court judge stated that he would take the matter under advisement and review the memorandum in opposition in making his decision.
 

 Since the record on appeal “shall be ... all documents filed in the [district] court,”
 
 see
 
 La. C.C.P. art. 2128, and because the judge considered the opposition memorandum in making his ruling, the motion to supplement the record with the memorandum, which apparently attached the affidavit, is granted. Nevertheless, the contents of the affidavit are hearsay evidence and, as such, the district court |8correctly concluded the affidavit was inadmissible.
 
 See Bd. of Commissioners of Port of New Orleans v. Louisiana Comm’n on Ethics for Pub. Employees,
 
 416 So.2d 231, 238-39 (La.App. 1st Cir.),
 
 writ denied,
 
 421 So.2d 248 (La.1982).
 

 Propriety of the District Court’s Ruling on the Merits
 

 As we have already noted, it was Mr. Lawrence’s burden of proof to show that the defense of
 
 contra non valentem
 
 interrupted or suspended prescription of Dominique’s medical malpractice claim. We have also concluded that the district court correctly determined that the affidavit of Mr. Lawrence and Dominique was inadmissible. Insofar as the allegations of the petition that Mr. Lawrence filed to impanel the medical review panel, those assertions addressing alleged malpractice as a result of the May 31, 2004 surgery are clearly prescribed, having been filed in excess of three years from the date of the alleged usage of surgical utensils that were not sanitary, performance of the surgery at the wrong site, and usage of the wrong hardware, including one lamina hook and one additional screw cap as averred in the February 16, 2009 amended petition he filed with the medical review panel.
 

 Although the contents of the affidavit are inadmissible, because Mr. Lawrence’s medical malpractice claim is still pending with the medical review panel and he has not had the opportunity to file a petition in district court, we are limited to the vague allegations of the defense of
 
 contra non valentem
 
 contained in his petition invoking a medical review panel, for which he was required merely to set forth, among other things, a brief description of the alleged malpractice as to each named defendant health care provider and a brief descrip
 
 *1287
 
 tion of the alleged injuries.
 
 See
 
 La. R.S. 40:1299.47
 
 A(l
 
 )(b)(vi) and (vii). And while his counsel | nchose not to put on testimony from his client, in his original and amended petition filed under the MMA, Mr. Lawrence contended that Dr. Frierson “failed to diagnose” and that “the method of treating the infection was not effective.” In response to the request for dates of the alleged malpractice by the PCF, Mr. Lawrence provided February 12, 2007, as the date of release from OLOL.
 
 [4]
 
 These allegations alone do not establish a basis for finding that the MMA petition, filed on January 80, 2009, was timely under La. R.S. 9:5628.
 

 Even if we were to consider the assertions contained in Mr. Lawrence’s appellate brief,
 
 see Holmes,
 
 43,662 at pp. 8-9, 997 So.2d at 611, we would reach the same result. In support of his defense of
 
 contra non valentem,
 
 Mr. Lawrence admits that he knew something was wrong as early as mid-2006, when symptoms of infection developed. He urges, however, that the defendants informed him that the infection was from a source other than the hardware and suggests that the inaccurate diagnosis continued until February 12, 2007, when Dominique was transferred to TCH. Mr. Lawrence asks this court to conclude that it was “[i]n late 2008 and 2009 that the plaintiff discovered that she had become disabled and would continue to be disabled.”
 

 Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount |into knowledge or notice of everything to which a reasonable inquiry may lead.
 
 Campo,
 
 2001-2707 at pp. 11-12, 828 So.2d at 510-11;
 
 Med. Review Panel Proceeding of Williams v. Lewis,
 
 2008-2228, p. 5 (La.App. 1st Cir.5/13/09), 17 So.3d 26, 29.
 

 A medical malpractice plaintiffs mere apprehension that something may be wrong is insufficient for prescription to begin running; rather, the plaintiffs knowledge must rise to the level of constructive knowledge, i.e., the plaintiff either knew or should have known through the exercise of reasonable diligence that his or her problem may have been caused by an act of malpractice. Prescription will not run if it was reasonable for the medical malpractice plaintiff not to recognize that the condition might be related to the treatment.
 
 Campo,
 
 2001-2707 at p. 12, 828 So.2d at 511;
 
 Med. Review Panel Proceeding of Williams,
 
 2008-2223 at p. 5, 17 So.3d at 29.
 

 In rendering its ruling, the district court judge stated, “it appears that plaintiffs claims have prescribed.” Whether we interpret this as a factual determination that Mr. Lawrence knew or should have known through the exercise of reasonable diligence that his problem may have been caused by an act of malpractice or as a conclusion that Mr. Lawrence failed his burden of proving that he filed his suit within one year from the date of discovery of the alleged malpractice, we find no error. When prescription is raised by a peremptory exception, with evidence
 
 *1288
 
 introduced at a hearing, the district court’s finding of fact on the issue of prescription is subject to the manifest error standard of review.
 
 TIG Ins. Co. v. Louisiana Workers’ Comp. Corp.,
 
 2009-0330, p. 3 (La.App. 1st Cir.9/11/09), 22 So.3d 981, 983. In his appellate brief, Mr. Lawrence states that 1 n after entering TCH on February 12, 2007, he learned that the hardware should be removed. An implicit finding by the district court that this was enough to excite Mr. Lawrence’s attention and put him on guard and call for inquiry is not manifestly erroneous or clearly wrong. As such, Mr. Lawrence had notice tantamount to knowledge or notice of everything to which a reasonable inquiry may lead, including of the alleged failure of Dr. Frierson to diagnose and the allegedly ineffective method of treating the infection, ostensibly by both OLOL and Dr. Frierson. Thus, we may not reverse the district court’s ruling.
 

 DECREE
 

 For these reasons, the district court judgment sustaining the peremptory exception raising the objection of prescription filed by OLOL and Dr. Frierson is affirmed. Appeal costs are assessed against plaintiff-appellant, Gordon Lawrence.
 

 MOTION TO SUPPLEMENT WITH TRANSCRIPT DENIED AS MOOT; MOTION TO SUPPLEMENT WITH OPPOSITION MEMORANDUM GRANTED; JUDGMENT AFFIRMED.
 

 [2]
 

 . The record does not establish the relationship of Mr. Lawrence to Dominique. Representations of counsel for Mr. Lawrence suggest he is her elder brother. Because the parties have not challenged his right to bring this lawsuit on behalf of the minor child, we presume that he has the legal capacity to proceed on Dominique’s behalf.
 
 See
 
 La. C.C.P. art. 926.
 

 [3]
 

 .
 
 See
 
 La. R.S. La. R.S. 40:1299.47;
 
 Holmes v. LSU/E. A. Conway Med Ctr.,
 
 43,662. pp. 4-5 (La.App.2d Cir. 10/22/08), 997 So.2d 605, 609 (permitting a plaintiff to initiate a medical review proceeding and articulating the criteria necessary to do so).
 

 [4]
 

 . While Mr. Lawrence also supplied the date of October 19, 2007, as the release date Dominique was permitted to start rehabilitation, he does not make any assertions either in his petition or in brief relating this date to an alleged malpractice by either OLOL or Dr. Frierson. As such, we find no basis for concluding that October 19, 2007 was "the date of discovery” of the alleged malpractice so as to commence the accrual of prescription under La. R.S. 9:5628 A.