STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0915

CHRISTOPHER A BAILEY (D), ET AL.

VERSUS

DR. MICHAEL LOEWE, ET AL.

Judgment Rendered: **AUG 0 3 2020**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 666038

Honorable William A. Morvant, Judge Presiding

* * * * *

Thomas R. Temple, Jr.
Kelsey A. Clark
Baton Rouge, LA

Attorneys for Defendant-Appellee,
Dr. Matthew Guillory


Alicia Brisco Bailey
Baton Rouge

Plaintiff-Appellant,
In Proper Person


* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

In this medical malpractice case, Alicia Brisco Bailey appeals the judgment of the trial court granting the peremptory exception of prescription in favor of Dr. Matthew Guillory and dismissing Ms. Bailey's medical review complaint against him.

## FACTS AND PROCEDURAL HISTORY

According to the parties, on August 1, 2017, Ms. Bailey, on behalf of her deceased son, Christopher Anthony Bailey, filed with the Division of Administration a request for the formation of a medical review panel alleging several defendants, including Dr. Guillory, breached the standard of care in providing treatment for Christopher from August 12, 2015 to September 6, 2016.

On February 2, 2018, Dr. Guillory filed a peremptory exception of prescription in the 19th Judicial District Court contending that the medical malpractice claims brought against him were prescribed because the claims were not brought within one year of the date of treatment he provided to Christopher.[1] Ms. Bailey was served pursuant to La. Code Civ. P. art. 1313 with notice for a hearing on Dr. Guillory's prescription exception. The trial court held a hearing on March 18, 2019, on Dr. Guillory's prescription exception. Ms. Bailey was not present. At the conclusion of the hearing, after "look[ing] at the medical records that were submitted in connection with the exception" the trial court granted the exception of prescription. On March 27, 2019, the trial court signed a judgment granting Dr. Guillory's exception of prescription and dismissing Ms. Bailey's claims pending before the Patient's Compensation Fund. It is from this judgment that Ms. Bailey appeals.

---

[1] Louisiana Revised Statute 40:1231.8(B)(2)(a) provides that a health care provider may raise the exception of prescription under La. R.S. 9:5628(A) in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel. See also **Perritt v. Dona**, 2002-2601 (La. 7/2/03), 849 So.2d 56, 66.

2

## LAW AND ANALYSIS

The prescriptive period for medical malpractice actions is set forth in La. R.S. 9:5628(A), which provides in pertinent part:

> No action for damages for injury or death against any physician, ... duly licensed under the laws of this state...whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

This statute sets forth two prescriptive limits applicable to medical malpractice claims, namely, one year from the date of the alleged act or one year from the date of discovery with a three-year limitation from the date of the alleged act, omission, or neglect to bring such claims (if the negligence is not immediately apparent). **Verbois v. Taylor**, 2015-0240 (La. App. 1st Cir. 12/17/15), 185 So.3d 59, 62, writ denied, 2016-0037 (La. 3/4/16), 188 So.3d 1062, citing **Campo v. Correa**, 2001-2707 (La. 6/21/02), 828 So.2d 502, 509.

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception; however, if the action is prescribed on its face, the plaintiff bears the burden of showing that the action has not prescribed. **Lawrence v. Our Lady of the Lake Hospital**, 2010-0849 (La. App. 1st Cir. 10/29/10), 48 So.3d 1281, 1285. The general rule regarding the exceptor's burden of proof is that a petition should not be found prescribed on its face if it is brought within one year of the date of discovery and facts alleged with particularity in the petition show that the patient was unaware of the malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent or unreasonable action of the plaintiff. **Verbois**, 185 So.3d at 62; **Campo**, 828 So.2d at 509.

Louisiana Code of Civil Procedure article 931 provides that at the trial of a peremptory exception of prescription, "evidence may be introduced to support or

controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." In the absence of evidence, an exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. **Cichirillo v. Avondale Industries, Inc.**, 2004-2894 (La. 11/29/05), 917 So.2d 424, 428. When an exception of prescription is filed during the medical review panel stage of the proceedings, the request for a medical review panel is considered the petition to be reviewed for timeliness. See **In re Medical Review Panel Proceedings of Ouder**, 2007-1266 (La. App. 1st Cir. 5/2/08), 991 So.2d 58, 60. Evidence not properly offered and introduced cannot be considered, even if it was physically placed in the record. **Denoux v. Vessel Management Services, Inc.**, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. **In re Spurlock**, 2018-666 (La. App. 5th Cir. 4/24/19), 271 So. 3d 338, 341.

In support of his exception of prescription, Dr. Guillory attached a copy of Ms. Bailey's request for a medical review panel as well as Christopher's medical records from Christopher's hospital stay at Our Lady of the Lake Hospital. However, neither of these documents nor any other evidence was introduced at the hearing on the exception of prescription. Because the documents were only attached to the exception and were not introduced at the hearing, none of the evidence relied on by Dr. Guillory was properly before the trial court at the time of the hearing. Therefore, we have no petition nor evidence to consider and cannot determine the merits of Dr. Guillory's exception of prescription.

Accordingly, we find that the trial court erred by granting Dr. Guillory's exception of prescription in the absence of properly admitted evidence. We vacate the trial court's judgment and remand for further proceedings.

4

**CONCLUSION**

For the foregoing reasons, we vacate the trial court's grant of Dr. Guillory's peremptory exception raising the objection of prescription and dismissal of Ms. Bailey's medical malpractice claims against him.

**VACATED AND REMANDED.**