STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0488

CORNELIUS WILSON

VERSUS

RANI WHITFIELD, M.D., ET AL

Judgment Rendered: __FEB 2 4 2023__

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 704857

The Honorable Wilson E. Fields, Judge Presiding

Cornelius Wilson, Sr.                    Plaintiff/Appellant *Pro Se*
Angola, Louisiana

Vance A. Gibbs                           Counsel for Defendant/Appellee,
Randal R. Cangelosi                      Rani Whitfield, M.D.
Jason Cashio
Mary Katherine Loos
Baton Rouge, Louisiana

Tara L. Johnston                         Counsel for Defendant/Appellee,
Mary G. Erlingson                        Warden Dennis Grimes
Baton Rouge, Louisiana

BEFORE: WELCH, WOLFE, AND MILLER, JJ.

**MILLER, J.**

Cornelius Wilson, Sr. ("Mr. Wilson") appeals a judgment of the Nineteenth Judicial District Court sustaining the peremptory exception of prescription in favor of the appellee, Rani Whitfield, M.D. ("Dr. Whitfield"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In February 2015, Mr. Wilson was being held at East Baton Rouge Parish Prison ("EBRPP") as a pretrial detainee when he began experiencing problems with his throat. In order to address his symptoms, he requested medical treatment from EBRPP. From February 24, 2015 to August 31, 2015, Mr. Wilson was intermittently treated by Dr. Whitfield, Dr. Stuart, and Dr. Bridges, who are private medical physicians that were contracted to provide medical services to inmates at EBRPP. In 2015, Mr. Wilson was transferred from EBRPP to the custody of the Louisiana Department of Corrections. On February 29, 2016, Dr. Rachel Barry, an otolaryngologist, examined Mr. Wilson and discovered a large tumor on his left vocal cord. In March 2016, Mr. Wilson was informed that he had squamous cell carcinoma and underwent a total laryngectomy with bilateral neck dissection.

On September 20, 2016, Mr. Wilson filed a request with the Division of Administrative Law for the formation of a State Medical Review Panel ("MRP request"). In his MRP request, Dr. Whitfield, Dr. Stuart, and Dr. Bridges were named as defendants, and Mr. Wilson alleged that defendants failed to provide him with "appropriate medical treatment to prevent the timely discovery and diagnosis of squamous cell carcinoma." Mr. Wilson further contended that the actions and inactions of the doctors were a deviation from the applicable standard of care for treating persons exhibiting his symptoms and their failures regarding his treatment caused him to suffer harm.

In response to Mr. Wilson's MRP request, the defendants filed peremptory exceptions of prescription contending that Mr. Wilson's MRP request was prescribed. After a hearing, the trial court sustained the exceptions of prescription, and dismissed Mr. Wilson's MRP request with prejudice. Mr. Wilson appealed, and this court reversed the judgment of the trial court sustaining the defendants' exceptions. Request for Medical Review Panel by Wilson v. Whitfield, 2017-1723 (La. App. 1st Cir. 5/23/19), 277 So. 3d 370, writ denied, 2019-00983 (La. 10/1/19), 280 So. 3d 157.

On March 24, 2020, the Medical Review Panel ("MRP") rendered an opinion in favor of the defendants. A signed copy of the opinion was served upon Mr. Whitfield's attorney on April 16, 2020. On February 22, 2021, Mr. Wilson filed a petition for damages and named Dr. Whitfield, Dr. Stuart, Dr. Bridges, and Warden Grimes as defendants. Thereafter, on April 23, 2021, Dr. Whitfield filed a peremptory exception of prescription. Dr. Whitfield contended that Mr. Wilson's medical malpractice claims were prescribed due to his failure to timely file a lawsuit. Specifically, Dr. Whitfield alleged that Mr. Wilson's deadline to file a lawsuit was January 27, 2021, but Mr. Wilson did not file his petition until February 25, 2021.[1] Thereafter, on June 10, 2021, Mr. Wilson filed an answer to the exceptions and argued that Covid-19 suspended the deadline and interrupted his ability to file the lawsuit.

The trial court heard Dr. Whitfield's exception of prescription on September 16, 2021. After a hearing, the trial court found that Mr. Wilson's medical malpractice claims against Dr. Whitfield were prescribed. The judgment sustaining the exception of prescription and dismissing all claims against Dr. Whitfield, with

---

[1] Dr. Whitfield alleged that Mr. Wilson filed his petition on February 25, 2021, but the actual filing date was February 22, 2021.

prejudice, was signed by the trial court on December 16, 2021. It is from this judgment that Mr. Wilson appeals.[2]

## ASSIGNMENTS OF ERROR

Mr. Wilson contends that the trial court (1) "erred in determining that his filing was untimely and did not seriously consider Mr. Wilson['s] excuses" and (2) "erred in not investigating Mr. Wilson's claims."

## STANDARD OF REVIEW

Our jurisprudence reflects that the standard of review of a judgment on an exception of prescription turns on whether evidence is introduced at the hearing of the exception. Louisiana Code of Civil Procedure article 931 expressly allows evidence to be introduced to support or controvert a peremptory exception pleaded, when the grounds thereof do not appear from the petition. If no evidence is submitted at the hearing, the exception must be decided upon the facts alleged in the petition with all of the allegations accepted as true. In that case, the reviewing court is simply assessing whether the trial court was legally correct in its finding. Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C., 2021-00061 (La. 12/10/21), 333 So. 3d 368, 373.

Generally, when evidence is introduced at the hearing, a court need not accept the allegations of the petition as true, and the lower court decisions are to be reviewed under a manifest error standard of review. Lomont v. Bennett, 2014-2483 (La. 6/30/15), 172 So. 3d 620, 627, cert. denied, 577 U.S. 1139, 136 S.Ct. 1167, 194 L.Ed.2d 178 (2016). However, even when evidence is introduced, when there is no dispute regarding material facts, the reviewing court is to apply a *de novo*

---

[2] In his motion and order for appeal, Mr. Wilson seeks to appeal the judgment "made on 12-6-2021." While there is no judgment signed by the trial court on December 6, 2021, the judgment that was signed by the trial court on December 16, 2021, has a filing date of December 6, 2021. Mr. Wilson's motion for appeal incorrectly identified the December 16, 2021 judgment. Nonetheless, where it is clear from Mr. Wilson's motion for appeal and brief that he sought to appeal from the December 16, 2021 judgment, Mr. Wilson's mistake in listing the wrong date of judgment is insufficient grounds for the dismissal of his appeal, particularly since appeals are favored and will be dismissed only when the grounds are free from doubt. See Byrd v. Pulmonary Care Specialists, Inc., 2016-0485 (La. App. 1st Cir. 12/22/16), 209 So. 3d 192, 195.

4

standard of review, and give no deference to the trial court's legal conclusions. Mitchell, 333 So. 3d at 373. At the hearing on the exception, Mr. Wilson did not introduce any evidence, but Dr. Whitfield's counsel did.[3] Further, there was no dispute regarding material facts. Therefore, this court will conduct a *de novo* review. See Id.

## DISCUSSION

Mr. Wilson contends that the trial court erred in sustaining Dr. Whitfield's peremptory exception of prescription and dismissing all claims against Dr. Whitfield. Any action against health care providers concerning medical malpractice is subject to the Louisiana Medical Malpractice Act ("LMMA"). La. R.S. 40:1231.1, *et seq.* The LMMA requires all claims against health care providers be reviewed through a MRP before proceeding to any other court. La. R.S. 40:1231.8. The periods to file a medical malpractice claim are provided in La. R.S. 9:5628(A), which provides, in pertinent part:

> No action for damages for injury or death against any physician . . . duly licensed under the laws of this state . . . whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Both the one-year and three-year limitation periods of La. R.S. 9:5628(A) are prescriptive. Lawrence v. Our Lady of the Lake Hosp., 2010-0849 (La. App. 1st Cir. 10/29/10), 48 So. 3d 1281, 1285. Medical malpractice claims are governed by the specific provisions of the LMMA regarding suspension of prescription, to the exclusion of the general code articles on interruption of prescription. Borel v.

---

[3] Dr. Whitfield's counsel admitted the following exhibits: Mr. Wilson's MRP request; the opinion rendered by the MRP; an email between the attorney chairman of the MRP and Mr. Wilson's attorney; Patient's Compensation Fund Certificate of Enrollment; and Mr. Wilson's petition.

Young, 2007-0419 (La. 11/27/07), 989 So. 2d 42, 67 (on rehearing). Louisiana Revised Statutes 40:1231.8(A)(2)(a) states, in part:

> The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part . . . The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.

The explicit language of La. R.S. 40:1231.8(A)(2)(a) provides that the time for filing a suit is suspended during the pendency of the determination by the MRP until ninety days following notification of the MRP's decision by certified mail. When the ninety-day period of suspension after the decision of the MRP has passed, plaintiffs in medical malpractice actions are entitled to the period of time, under La. R.S. 9:5628, that remains unused at the time the request for an MRP is filed. See La. R.S. 40:1231.8(A)(2)(a).

Dr. Whitfield treated Mr. Wilson in 2015, but Mr. Wilson did not discover that he had a large tumor on his left vocal cord until February 29, 2016 when he was examined by Dr. Rachel Barry. Thus, February 29, 2016 is the date of discovery of the alleged act. See Request for Medical Review Panel by Wilson, 277 So. 3d at 377. Pursuant to La. R.S. 9:5628(A), Mr. Wilson had one year from February 29, 2016 to file a suit.[4]

Mr. Wilson filed his MRP request on September 20, 2016, which was 203 days after the date of discovery. Under La. R.S. 40:1231.8(A)(2)(a), that time for filing a suit was suspended during the pendency of the determination by the MRP until ninety days following notification of the MRP's decision by certified mail. The MRP rendered an opinion in favor of the defendants on March 24, 2020, and

---

[4] A full year from February 29, 2016 would still fall within the three-year limitation period of La. R.S. 9:5628(A).

6

Mr. Wilson was notified of the MRP's decision by certified mail on April 16, 2020. Thus, under La. R.S. 40:1231.8(A)(2)(a), Mr. Wilson's time to file a suit began to run again ninety days later, which was July 15, 2020.

On July 15, 2020, Mr. Wilson had 162 days left to file his lawsuit.[5] However, on August 21, 2020, the Louisiana Supreme Court issued an Order providing that "[a]ll prescriptive and peremptive periods are hereby suspended statewide for a period of thirty days commencing from the Governor's August 21, 2020 declaration of state of emergency." Thus, after adding the additional thirty days, Mr. Wilson had 192 days from July 15, 2020, to file his lawsuit. One hundred ninety-two days from July 15, 2020, was January 24, 2021. However, January 24, 2021 was a Sunday, so Mr. Wilson's prescriptive period ended on January 25, 2021. See La. C.C.P. art. 5059. Mr. Wilson filed his petition on February 22, 2021, which was almost a month after the prescriptive period ended.

The trial court properly considered Mr. Wilson's excuses and did not err in sustaining Dr. Whitfield's exception of prescription given the amount of time he had to file suit and the fact that he did not introduce any evidence at the hearing in support of his alleged excuses. Therefore, Mr. Wilson's assignments of error are without merit.

## CONCLUSION

The December 16, 2021 judgment of the Nineteenth Judicial District Court sustaining the peremptory exception of prescription in favor of the appellee, Rani Whitfield, M.D., and against the appellant, Cornelius Wilson, is affirmed. We decline to assess costs in this pauper suit.

**AFFIRMED.**

---

[5] Two hundred three days subtracted from 365 days equals 162 days. One hundred sixty-two days from July 15, 2020, was December 24, 2020.